20-3104-cv
*Marano v. Metro. Museum of Art*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-one.

Present:

> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*,
> JOHN L. SINATRA, JR. [*]
> *District Judge*.

---

LAWRENCE MARANO,

> *Plaintiff-Appellant*,

v.                                                                      20-3104-cv

THE METROPOLITAN MUSEUM OF ART,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | JAMES H. FREEMAN, Liebowitz Law Firm, PLLC, Valley Stream, NY. |
| For Defendant-Appellee: | LINDA J. STEINMAN (Abigail B. Everdell, James E. Doherty, *on the brief*), Davis Wright Tremaine LLP, New York, NY. |

---

[*] Judge John L. Sinatra, Jr., of the United States District Court for the Western District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Lawrence Marano appeals from an order dismissing his complaint entered on July 13, 2020, and an order denying his motion for reconsideration entered on August 14, 2020, in the United States District Court for the Southern District of New York (Valerie E. Caproni, *J.*). In 2019, Marano brought a copyright action against the Metropolitan Museum of Art (the "Met"). Marano alleged that the Met infringed his copyright by featuring a 1982 photograph he took of Eddie Van Halen playing his "Frankenstein" guitar (the "Photo") in an exhibition of rock n' roll instruments on the Met's website. After briefing on the fair use exception of the Copyright Act, 17 U.S.C. § 107, the district court dismissed Marano's complaint for failure to state a claim, finding that Marano had "failed to show why the Met's use of [the Photo] is not protected by the fair use exception." *Marano v. Metro. Museum of Art*, 472 F. Supp. 3d 76, 80 (S.D.N.Y. 2020), *reconsideration denied,* No. 19-CV-8606, 2020 WL 4735117 (S.D.N.Y. Aug. 14, 2020). We assume the reader's familiarity with the record.

Marano challenges the district court's determination that the Met's display of the Photo in its exhibition constitutes fair use. For the reasons stated below, we affirm the judgment of the district court.

"Section 107 of the Copyright Act permits the unauthorized use or reproduction of copyrighted work if it is 'for purposes such as criticism, comment, news reporting, teaching . . . , scholarship, or research.'" *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 608 (2d Cir. 2006) (quoting 17 U.S.C. § 107). Courts properly consider four nonexclusive factors in "determining whether the use made of a work in any particular case is a fair use":

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. These factors "must be viewed collectively, with their results 'weighed together, in light of the purposes of copyright,'" namely, "to promote progress in science and art." *TCA Television Corp. v. McCollum*, 839 F.3d 168, 178–79 (2d Cir. 2016) (quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994)).

"We review *de novo* a judgment of dismissal under Fed. R. Civ. P. 12(b)(6), accepting all factual allegations in the . . . complaint and its incorporated exhibits as true and drawing all reasonable inferences in [the plaintiff's] favor." *Id.* at 177. Fair use may be "so clearly established by a complaint as to support dismissal of a copyright infringement claim." *Id.* at 178.

Accepting all factual allegations in the complaint as true, we conclude that the Met's display of the Photo in its website exhibition constituted fair use. We begin with the first factor—often framed as whether the use is "transformative"—which constitutes the "heart of the fair use inquiry." *Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006) (quoting *Davis v. The Gap, Inc.,* 246 F.3d 152, 174 (2d Cir. 2001)). The Met's exhibition transformed the Photo by foregrounding the instrument rather than the performer. Whereas Marano's stated purpose in creating the Photo was to show "what Van Halen looks like in performance," App'x at 29, the Met exhibition highlights the unique design of the Frankenstein guitar and its significance in the development of rock n' roll instruments. Further, the Photo appears alongside other photographs showing the physical composition of the guitar, which are collectively accompanied by text discussing the guitar's genesis, specifications, and impact on rock n' roll music, not Van Halen's biography or discography. This context "adds something new, with a further purpose or different character, altering the [Photo] with new expression, meaning, or message." *Campbell*, 510 U.S. at 579.

Marano contends that the Met's display of the Photo is not sufficiently transformative for fair use because the Met charges admission and provides entertainment. Yet the Met was founded "for the purpose of establishing and maintaining in [New York City] a Museum and library of art," and it remains a nonprofit that "collects, studies, conserves, and presents significant works of art." App'x 70. Although the Met charges a nominal fee to out-of-state visitors who visit the physical museum, the museum's website—the subject of Marano's copyright claim—is both free and publicly available, serving to "extend [the Met's] cultural and academic reach . . . by welcoming without charge millions of virtual visitors every year." App'x 44, 95. These purposes are not commercial; to the contrary, they align the Met's fair use of the Photo with "copyright's very purpose, '[t]o promote the Progress of Science and useful Arts.'" *Campbell*, 510 U.S. at 578 (quoting U.S. CONST. art. I, § 8, cl. 8).

This transformative use of the Photo is consistent with the remaining factors under Section 107 tipping in favor of fair use. While the Photo is a "creative work of art," that determination is of "limited usefulness" given that the Met is using the Photo "for a transformative purpose." *Bill Graham*, 448 F.3d at 612. Similarly, the Met's "copying the entirety of [the Photo] [was] . . . necessary to make a fair use of the image" as one of many "historical artifacts" in the exhibition. *Id.* at 613. Likewise, a "transformative market" does not qualify as a "traditional, reasonable, or likely to be developed market," *id.* at 614 (quoting *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 930 (2d Cir. 1994)), and therefore Marano cannot "prevent others from entering fair use markets merely 'by developing or licensing a market for . . . transformative uses of [his] own creative work,'" *id.* at 615 (quoting *Castle Rock Ent., Inc. v. Carol Pub. Grp., Inc.*, 150 F.3d 132, 146 n.11 (2d Cir. 1998)). There is no indication in the record that the Met's use of the Photo on a web page describing the Frankenstein guitar could, in any way, impair any other market for commercial use of the Photo, or diminish its value. On balance,

4

these factors indicate that the Met's display of the Photo qualifies for the fair use exception under Section 107.

Marano protests that this holding would extinguish copyright protections for photographers because museums displaying copyrighted photographs will always be able to assert a fair use defense by claiming a scholarly, transformative purpose behind the exhibition. But it has long been established that "the determination of fair use is an open-ended and context-sensitive inquiry." *Blanch*, 467 F.3d at 251. Here, the district court appropriately conducted a fair-use analysis that was "deeply case-specific," such that "[a] different use by a museum or art exhibition and combination of factors could have tipped the scales in the other direction." *Marano*, 2020 WL 4735117, at *1. Such individualized analysis is precisely what Section 107 requires, and we discern no error in the district court's conclusion that the fair use exception applies to the Met's display of the Photo.

\* \* \*

We have considered Marano's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk